[Cite as *State v. Houchens*, 2022-Ohio-806.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                    No. 110004

v.                                      :

ROBERT HOUCHENS,                        :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644228-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Brian D. Kraft and Daniel T. Van, Assistant Prosecuting Attorneys, *for appellee.*

Allison S. Breneman, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Robert Houchens appeals from his indefinite, non-life felony sentence imposed under R.C. 2929.144 and 2929.14(A)(1)(a) and (A)(2)(a). For the following reasons, we affirm his convictions.

{¶ 2} Houchens was charged with murder-related charges. Houchens pleaded guilty to involuntary manslaughter, a first-degree felony, including a three-year firearm specification, aggravated robbery, a first-degree felony, and felonious assault, a second-degree felony offense. At the time of Houchens's plea, the trial court indicated that because Houchens was pleading guilty to several felonies, two of which were qualifying felony offenses, therefore, the sentencing provisions under R.C. 2929.144 and 2929.14(A)(1)(a) and (A)(2)(a) would apply. The trial court imposed an 11-year minimum term on the involuntary manslaughter count, with a maximum term of 16.5 years, and on the robbery and felonious assault charges, Houchens was sentenced to eight years in prison concurrent with the remaining counts. The three-year firearm specification was imposed prior and consecutive to the 11-year, indefinite non-life term of imprisonment. Thus, the aggregate term of imprisonment included the three-year firearm specification to be served prior and consecutive to the minimum term of imprisonment of 11 years, up to a maximum term of 16.5 years.

{¶ 3} In this appeal, Houchens presents a single assignment of error in which he broadly claims that his conviction is void because the Reagan Tokes Law violates the Constitutions of the United States and the state of Ohio. According to Houchens, under the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) the Reagan Tokes Law violates the right to trial by jury, (2) the Reagan Tokes Law violates the separation-of-powers doctrine, or (3) that R.C. 2967.271(C) and (D), which provide offenders with the

right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, fail to provide the full panoply of constitutional pretrial rights in violation of their due process rights. These same arguments were directly addressed in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

**{¶ 4}** As a result, we need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *Delvallie*, Houchens's challenges advanced against the constitutional validity of the Reagan Tokes Law have been overruled. *See id.* at ¶ 17-51. Houchens's sole assignment of error is overruled.

**{¶ 5}** We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B.  Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.